**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4256**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

TRAVIS LAVERLEE CLARK,

                  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00170-JAB-1)

Submitted: May 24, 2010          Decided: June 17, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Laverlee Clark pled guilty to possession with intent to distribute 15.7 grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2009). At sentencing, defense counsel argued for a variant sentence below the guidelines range of 188 to 235 months' imprisonment, citing the sentencing disparities between crack and powder cocaine. After counsel's arguments and Clark's allocution, the district court sentenced Clark to 200 months' imprisonment. The court, however, did not specifically discuss the applicability of any 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009) factors or Clark's sentencing disparity argument, or otherwise explain its rationale supporting the chosen sentence. Clark appeals his sentence.

On appeal, Clark argues his sentence is unreasonable because it is greater than necessary to accomplish the goals of § 3553(a) in light of recent determinations by the Justice Department and House Judiciary Committee that the sentencing disparity between crack and powder cocaine should be eliminated. Finding the sentence procedurally unreasonable, we vacate the sentence and remand for resentencing.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and

substantive reasonableness of a sentence. Id. at 51; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Properly preserved claims of procedural error are subject to harmless error review. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide if the sentence imposed was procedurally reasonable. This determination involves deciding whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). The district court's explanation must be sufficient to satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising its own legal

3

decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007).

By raising the issue below, Clark properly preserved review of his claim that his sentence is unreasonable based on sentencing disparities between crack and powder cocaine. Because Clark argued for a sentence different from the one ultimately imposed, the district court had a responsibility to render an individualized explanation addressing his arguments. Thompson, 595 F.3d at 546; Lynn, 592 F.3d at 578.

We find the sentence imposed is not procedurally reasonable because the district court failed to address Clark's sentencing disparity argument, to explain its individualized assessment of the applicable § 3553(a) factors considered in imposing the chosen sentence, or to articulate why it rejected Clark's argument for a below guidelines sentence.  As a result, we are simply unable to gauge whether the district court considered the parties' arguments and the applicable sentencing factors and had a reasoned basis for its decision.  Thus, this court cannot determine whether the sentence was greater than necessary or created an unwarranted sentencing disparity, as Clark contends.  Therefore, we find that the district court abused its discretion and that the procedural error was not harmless under Lynn and Thompson.

4

Accordingly, we vacate Clark's sentence and remand for resentencing. We decline to review the propriety of Clark's disparity argument until the district court provides an adequate basis for meaningful appellate review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED