In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2668

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JULIUS ARBERRY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06 CR 278—**Rudolph T. Randa**, *Judge*.

ARGUED MARCH 31, 2010—DECIDED JULY 16, 2010

Before MANION and WILLIAMS, *Circuit Judges*, and
DARRAH, *District Judge*.*

DARRAH, *District Judge.* On February 27, 2009,
Julius Arberry pled guilty to one count of conspiracy
to distribute fifty grams or more of crack cocaine, five
kilograms or more of cocaine, and marijuana, in viola-

---

* Honorable John W. Darrah, United States District Judge for
the Northern District of Illinois, is sitting by designation.

tion of 21 U.S.C. § 846 and 18 U.S.C. § 2. A sentencing hearing was held on June 5, 2009, and was continued until June 25, 2009. At both proceedings, defense counsel asked the district court to apply a one-to-one cocaine-powder ratio and sentence Arberry to the mandatory minimum 120-month term of imprisonment. The court, without mentioning the proposed one-to-one ratio, sentenced Arberry to 151 months' imprisonment, the low end of the adjusted guideline range. Arberry now appeals his sentence, claiming that the district court erred by failing to address his argument as to the proper crack-powder ratio.

A sentencing court must address "all of a defendant's principal arguments that 'are not so weak as to not merit discussion.' " *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009) (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). In *Kimbrough v. United States*, 552 U.S. 85, 110 (2007) (*Kimbrough*), the Supreme Court held that district courts may impose below-guideline-range sentences when the crack/powder disparity results in a sentence greater than necessary to achieve the purposes of § 3553(a). Subsequently, in *Spears v. United States*, ___ U.S. ___, 129 S.Ct. 840, 834-44 (2009) (*Spears*), the Court held that district courts "are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Arberry now argues that the combination of these two principles—that the sentencing court must consider all principal, nonfrivolous arguments and that the court may impose a sentence based on a lower crack/powder ratio—requires remand for resentencing.

The Government makes two arguments in response: (1) that application of the one-to-one ratio was not one of Arberry's principal arguments and (2) that the court considered and reject Arberry's argument. With respect to the first argument, the Government notes that little time or paper was spent on the issue. Application of the one-to-one ratio was not raised in Arberry's written objections to the Presentence Investigation Report ("PSR"), Arberry did not file a written sentencing memo-randum, and the entire oral argument for the application of the one-to-one ratio is contained in just over half a page in the June 25 sentencing transcript. The Government's first two points are not persuasive. As Arberry points out, the Guidelines call for harsher penalties for crack offenses; and, thus, the PSR would include the crack/powder disparity. Nor does the fact that Arberry did not file a written sentencing memorandum support the Government's position.

This leaves the Government's last point, that Arberry did not devote a substantial amount of time in his oral statement at sentencing to his one-to-one ratio argument. At the June 5 hearing, Arberry's attorney stated, essen-tially, that the Government had no objection to the use of the one-to-one ratio and that the court could apply it if the court felt that it was "the right and just thing to do." (App. at 7.) At the second hearing, on June 25, Arberry's counsel did little more than remind the court that he had raised the one-to-one issue at the previous hearing and that the Government did not object. Defense counsel stated, "I think that's the fairest and most just route to go here." (App. at 8.)

However, several factors rebut the Government's argument. First, Arberry raised the issue at both sentencing hearings. Second, it was twice noted to the court that the Government had no objection to applying the one-to-one ratio. As Arberry now argues, an agreed-upon reason for a reduced sentence likely needs less lawyering than a disputed one. Third, the crack-to-powder ratio selected by the court had significant effect on the resulting guideline range. Fourth, under *Kimbrough* and *Spears*, Arberry's argument had clear legal merit. And, finally, Arberry's somewhat brief reference to the one-to-one ratio must be considered in light of the present high level of attention on the question of the appropriate crack-to-powder ratio in sentencing. The Government admits in its brief that the sentencing judge was certainly aware of the issue.

For these reasons, the application of the one-to-one ratio was one of Arberry's principal sentencing arguments. Therefore, because the argument is nonfrivolous, the district court was required to address it. *See Cunningham*, 429 F.3d at 679.

The Government's second contention is that the district court did consider Arberry's one-to-one argument. While admitting that the judge did not use the words "one-to-one ratio" in its sentencing discussion, the Government nonetheless argues that the record demonstrates that the district court considered and reject the argument. The Government asserts that the district court thoroughly addressed the seriousness of the offense and rejected the suggestion of a modified guideline range. Specifically, the

Government points to the court's statement, "So when I looked at this presentence report, the guideline range is the correct one, as far as I was concerned." (App. at 25.) The Government concludes that this statement shows that the court rejected a reduced range based on the *Kimbrough* crack/powder argument.

This argument is not persuasive. The record does not show that Arberry's crack/powder argument was addressed.

For the foregoing reasons, the sentence is VACATED, and the case is REMANDED to the district court for resentencing.[1]

---

[1] We note that this ruling is consistent with the Fourth Circuit's recent opinion in *United States v. Clark*, No. 09-4256, 2010 WL 2464979 (4th Cir. June 17, 2010).