**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4822**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DOMINIQUE TRACY SANDERS,

            Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00007-LHT-1)

Submitted:  July 15, 2010            Decided:  August 20, 2010

Before TRAXLER, Chief Judge, and WILKINSON and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Edward R. Ryan, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Tracy Sanders pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of possession and use of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Sanders was sentenced to sixty-three months for his narcotics conviction, and sixty months for his weapons conviction, the latter term to run consecutive to the former term for a total of 123 months. On appeal, this court affirmed Sanders' convictions and sentence on the weapons conviction, but vacated Sanders' sentence on the narcotics conviction, in accordance with United States v. Carter, 564 F.3d 325 (4th Cir. 2009), because the district court failed to provide an explanation for Sanders' sixty-three-month sentence. On remand, the district court re-imposed the sixty-three-month sentence on Sanders' narcotics conviction. Sanders again appeals, arguing that the district court's failure to explicitly respond to his argument regarding the crack-to-powder cocaine sentencing disparity amounts to reversible error. We affirm the district court's judgment.

This court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of

2

both the procedural and substantive reasonableness of a sentence. Id. The court must assess whether the district court properly calculated the advisory guidelines range, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany *every* sentence.") (emphasis in original); Carter, 564 F.3d at 330 (holding that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citation omitted). "Although a court need not necessarily issue a comprehensive, detailed opinion, the court's explanation must nonetheless be sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

The district court's explanation "need not be elaborate or lengthy[,]" however. Carter, 564 F.3d at 330. "That is especially true where, as here, the sentence is inside the advisory guidelines range." United States v. Johnson,

3

587 F.3d 625, 639 (4th Cir. 2009), cert. denied sub nom. Martin v. United States, 130 S. Ct. 2128 (2010). "Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation." Id. (internal citations, quotation marks and brackets omitted). "This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." Id. (internal quotation marks and citation omitted).

If there is no procedural error, this court may then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted). We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have determined that Sanders preserved his challenge to the imposition of the district court's sentence by arguing for a sentence different than the one imposed by the

4

district court. Lynn, 592 F.3d at 578 ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."). Accordingly, we review the district court's sentence on remand for an abuse of discretion. Id. at 581, 583-84. If the district court procedurally erred and, thus, abused its discretion, we must reverse unless the error is harmless. Id. at 581, 585.

We hold that the district court's reasoning for Sanders' sixty-three-month sentence was sufficiently individualized and reflected a considered rationale. Although the district court did not explicitly state that it was rejecting Sanders' policy-based disparity argument, the district court did make clear why it believed a sixty-three-month sentence on Sanders' narcotics conviction was appropriate under the § 3553(a) factors. We conclude that the district court's analysis of the § 3553(a) factors allows us to conduct "meaningful appellate review" and promote[s] the perception of fair sentencing." Gall, 552 U.S. at 50; see United States v. Simmons, 587 F.3d 348, 362 (6th Cir. 2009) (rejecting defendant's argument that the district court's failure to explicitly reject his disparity argument amounted to reversible

5

error because the argument was legal rather than factual, "defendants convicted for possession of crack have routinely made the same underlying substantive claim, and therefore the sentencing judge was no doubt familiar with this line of reasoning[,]" the district court recognized its discretion in rendering an appropriate sentence, but "conclud[ed] with respect to this individual defendant that sentencing disparities were less likely to result from a sentence within the Guidelines range"), cert. denied, 130 S. Ct. 2116 (2010). Cf. Lynn, 592 F.3d at 584-85 (finding procedural sentencing error where there was no indication that the district court "considered the defendant's nonfrivolous [and personalized] arguments prior to sentencing him" and stated only that it found Lynn's sentence to be "'fair and appropriate and . . . consistent with the requirements of [§ 3553(a)]'" before imposing Lynn's sentence); United States v. Sevilla, 541 F.3d 226, 232 (3rd Cir. 2008) (recognizing that "a rote statement of the § 3553(a) factors" will not suffice to support a defendant's sentence if the defendant raises a "ground of recognized legal merit (provided it has a factual basis) and the court fails to address it") (internal quotation marks and citation omitted).

Because Sanders has not rebutted the presumption of reasonableness that this court applies to his within-Guidelines range sentence, see Allen, 491 F.3d at 193, we affirm the

district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] On July 16, 2010, the Seventh Circuit published its opinion in United States v. Arberry, __ F.3d __, 2010 WL 2788548 (7th Cir. July 16, 2010), holding that the district court's failure to address the defendant's nonfrivolous argument regarding application of a one-to-one sentencing ratio for crack and powder cocaine required vacatur of the defendant's sentence. In a footnote, the Seventh Circuit stated its opinion was consistent with a ruling from this Court in United States v. Clark, No. 09-4256, 2010 WL 2464979 (4th Cir. June 17, 2010). However, Clark was remanded for resentencing because the district court failed "to explain its individualized assessment of the applicable [18 U.S.C. § 3553(a) (West 2000 & Supp. 2009)] factors," "to articulate why it rejected Clark's argument for a below guidelines sentence," or "address Clark's sentencing disparity argument." Clark, at *2. Ultimately, this Court remanded Clark for resentencing because it was "simply unable to gauge whether the district court considered the parties' arguments and the applicable sentencing factors and had a reasoned basis for its decision." Id. Here, the district court on remand did explain its individualized assessment of the applicable § 3553(a) factors and provided a reasoned basis of its decision to sentence Sanders within the Guidelines range. Indeed, the district court recognized its discretion in rendering an appropriate sentence and found that among defendants with similar records, who were found guilty of similar conduct, the sentence did not result in unwarranted sentence disparity. Accordingly, despite the district court's failure to expressly address the defendant's disparity argument, we are not persuaded by the Seventh Circuit's decision in Arberry to reach a different outcome.

7