**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 14, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1282

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-238 |
| RONALD COLBERT TAYLOR, JR., *Defendant-Appellant.* | C. N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Ronald Taylor robbed the Westbury Bank by handing the teller a note demanding money. He later shared part of the loot with his cousin, who was standing inside the bank lobby during the robbery. Police apprehended the pair after a fingerprint at the scene identified Taylor, who confessed to the crime. While in custody Taylor suffered several seizures, leading to the discovery of a malignant brain tumor. He pleaded guilty to bank

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

robbery, 18 U.S.C. § 2113(a), and at sentencing he argued that the tumor and a brain injury he suffered as a child had left him with a diminished capacity to resist criminal conduct, including the bank robbery. See U.S.S.G § 5K2.13. On that basis, Taylor argued, a prison sentence below the guidelines range was warranted. The district court conducted the sentencing hearing in three parts over three different days. During the first two sessions, one of which occurred partly in chambers without a court reporter, the court expressed skepticism about Taylor's claim of diminished capacity but never definitively rejected the contention or explained the weight it would be given. Then during the final session, when Taylor's sentence was imposed, the court made no reference to diminished capacity when explaining how it arrived at a below-range term of 120 months. Instead, the court explained that its choice of sentence was appropriate because of Taylor's extensive criminal history and the Bureau of Prisons' capacity to treat his tumor.

Taylor has appealed his prison sentence and contends—and the government concedes—that diminished capacity was a principal argument in mitigation that the district court was obligated to address. Of course the district court was not required to accept Taylor's contention that his tumor and childhood injury contributed to his crime or warranted an even lower sentence, *United States v. Garthus*, 652 F.3d 715, 718 (7th Cir. 2011), but the court was obligated to address this ground in mitigation because it was one of Taylor's principal sentencing arguments and was backed with a psychological evaluation, see *id.; United States v. Johnson*, 643 F.3d 545, 549 (7th Cir. 2011); *United States v. Arberry*, 612 F.3d 898, 899 (7th Cir. 2010); *United States v. Portman*, 599 F.3d 633, 636–37 (7th Cir. 2010). The court's failure to respond to the contention requires resentencing.

Taylor also argues that the district court committed error by taking into account the sentence received by his cousin but not explaining how that factor was weighed. Taylor's cousin had pleaded guilty to misprision of a felony, 18 U.S.C. § 4, and been sentenced to a year and a day in prison. According to Taylor, during the in-chambers discussion the court commented that giving Taylor probation, as he was then advocating, would leave his cousin—whom the court characterized as an accessory after the fact—with a sentence disproportionate to that of Taylor, the robber and a career offender. Taylor later moderated his position and suggested that a year-long sentence would be appropriate for him as well, but the district court did not further respond to that contention when sentencing Taylor to 120 months, 31 months under the low end of the guidelines range. Taylor apparently assumes that the court still thought, but did not say, that giving him only a year would create imbalance with the sentence received by his cousin.

We have difficulty following Taylor's perception of error. He criticizes the district court's oversight in conducting a brief segment of the sentencing proceedings off the record, and on that point we agree with him that a court reporter should have been present. See 28

U.S.C. § 753(b). As best we can tell from the parties' briefs, however, no substantive information was conveyed to the judge in chambers, and nothing that the judge allegedly said during that conference undermines the explanation later given for the sentence imposed. Taylor never asserted during the protracted sentencing proceedings that *he* would end up with a disproportionate sentence if he did not get the same (or less) prison time than his cousin. Taylor never argued that his cousin's circumstances were a mitigating factor, and instead it was the district judge who cited the cousin's sentence as a *reason* why the light sentence Taylor advocated for himself was not appropriate. It appears that the judge thought—and said—that Taylor, the actual robber, was deserving of more prison time than his cousin, who only shared in the stolen funds. If that were all, we might conclude that any error was harmless. Nevertheless, we have already concluded that we must vacate Taylor's sentence and remand for resentencing because of the question of diminished capacity. In order to ensure that the ultimate result is free from any doubt about the possible effects of that brief off-the-record session, we order that this should be a full resentencing, at which both Taylor and the government will be free to explore any issues they see fit.

Accordingly, Taylor's sentence is VACATED, and the matter is REMANDED for resentencing.